UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO. 5:08 CV 361 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO PAROLE BOARD, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On February 13, 2008, Petitioner Maurice Pegg ("Petitioner") filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in an Ohio penal institution, having been convicted of a drug offense. He claims that he has been held in prison beyond the expiration of his sentence. For the reasons stated below, the petition is denied and this action is dismissed.

**Background**

Petitioner's complaint is almost illegible. Much effort has been made by the Court to decipher its contents and to liberally construe the allegations. Other allegations, though clearly readable, are incoherent. He begins by stating that he seeks an order granting the "petition for habeas corpus 2254 writ and this motion for 28 U.S.C. § 1915(g)." (Compl. at 1.) He indicates he

filed a lawsuit in another court and was later accused of signing the cashier's name to an application. He states that he did not sign anyone's name to the form, which he told officials. He then asked to be given a lie detector test, which was denied. He indicates he was told he could not engage in court activities unless he had $ 150.00. Petitioner then contends that "the staff is trying to kill me." (Compl. at 2.)

Petitioner then states he had only "180 days to do," but that he has been "held 17 years on a charge I never done." (Compl. at 2.) He claims that Judge O'Keefe, apparently the sentencing judge, knew the police were lying but he could not drop the charges because "the police father use to be chief of police. But [Judge O'Keefe] gave me 180 days on 10-10-91." (Compl. at 2.) He then alleges "I been held 17 years cause I won a lawsuit." (Compl. at 2.) He reiterates several more times his claim that the staff want to kill him, and contends that if another inmate succeeds in killing him, that inmate will be rewarded with a placement in a camp or release on parole. He appears to claim that the Lucasville prison called his current place of incarceration and indicated they would like to have him transferred back so that they can kill him. He asks this Court to grant him release from prison.

**Analysis**

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In order to seek a writ of habeas corpus, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is

satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984).

To the extent that Petitioner's allegations can be construed as a claim that he is being held beyond the expiration of his 180 day sentence, his petition must be dismissed without prejudice. Petitioner can file a petition for a writ of habeas corpus under Ohio law to raise this issue, Ohio Rev. Code 2725, and he must do so to exhaust his state court remedies.

To the extent that he was attempting to assert some other type of claim, it too must be dismissed. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pleading must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would require the courts "to explore exhaustively all potential claims of a pro se [litigant]" and "would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, a petitioner's failure to identify a particular legal theory in his pleading places an unfair burden on the respondents to speculate about the potential claims that a petitioner may be raising

3

and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, this petition does not sufficiently state another identifiable claim or claims upon which Petitioner could be granted the relief he seeks.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


DATE: May 14, 2008                     /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE